Pam

IIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,
          Plaintiff,

v.

          04 CR 253-6

ROBERT LEE KNOX,
          Judge Virginia M. Kendall
          Defendant.

## MEMORANDUM OPINION AND ORDER

Robert Lee Knox ("Knox") pled guilty under a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement to conspiracy to distribute crack cocaine and mixtures containing cocaine, in violation of 21 U.S.C. § 846. Knox moves for a sentence reduction under 18 U.S.C § 3582(c) in light of retroactive amendments to the United States Sentencing Guidelines that reduce the base offense levels for offenses involving crack. Because the binding 11(c)(1)(C) does not indicate the parties' intent to base the agreed-upon sentence on a particular Guideline range that has been subsequently lowered by the Sentencing Commission, but rather presents a specific stipulated sentence, Knox's sentence reduction is precluded and his motion denied.

### BACKGROUND

Knox pled guilty on July 26, 2005, pursuant to a binding 11(c)(1)(C), to Count One of the Second Superseding Indictment charging him with conspiracy to distribute and to possess with the intent to distribute in excess of 50 grams of crack, and in excess of 500 grams of mixtures containing cocaine, in violation of 21 U.S.C. § 846. Knox admitted to possession and distribution of at least 1.5 kilograms of crack, as recorded in the Pre-Sentencing Report. Pursuant to U.S.S.G. § 2D1.1(c)

under the November 2004 edition of the Sentencing Guidelines Manual, his base offense level was Level 38. The base offense level was reduced by three levels based on Knox's acceptance of responsibility and timely entry of a guilty plea. His total adjusted offense level of Level 35, when combined with his criminal history category of VI due to a prior conviction for robbery and two convictions for delivery of a controlled substance, resulted in an advisory Guideline range of 292 to 365 months of imprisonment. Knox cooperated with the government and as a result, the government agreed to give him a reduction in his sentencing guideline range of approximately one-third off the low end of the range, with a sentence of 15 years. In exchange for this reduction, Knox agreed to be bound by the 15-year sentence and agreed to waive his right to appeal and to waive any right to future collateral attacks on his sentence. At the sentencing hearing, the government explained to the Court that this term was "reasonable" based on his culpability in the conspiracy as well as his cooperation in the investigation, noting that this sentence was "just about a year less than what a routine third off motion would be." (Doc. 538, Ex. B at 5). Accordingly, the Court imposed the agreed-upon sentence of 180 months.

On November 1, 2007, the Sentencing Commission retroactively lowered the base offense levels for crack offenses, generally by two levels. *See* U.S.G. App. C, Amend. 706 (as amended by Amend. 711); *see also* U.S.S.G. § 1B1.10(c).

Knox filed a motion pursuant to 18 U.S.C § 3582(c), as permitted by U.S.S.G. § 1B1.10(a)(1), seeking to reduce his sentence. The government objected because his sentence was not "based on" the applicable Guideline range, but rather on an express stipulation to a specific duration of imprisonment, citing *United States v. Ray*, 598 F.3d 407 (7th Cir. 2010). The Court granted Knox's motion for a stay of the proceedings pending the United States Supreme Court's

decision in *Freeman v. United States*, which was decided on June 23, 2011. *See Freeman v. United States*, 131 S. Ct. 2685 (2011).[1] Knox and the government disagree as to what the revised sentencing range would be under 18 U.S.C. § 3582(c)(2). Knox calculates that his base offense level would be reduced by two levels to Level 36, minus three levels for his acceptance of responsibility and timely plea yielding Level 33. When combined with a criminal history category of VI, this yields an advisory Guideline range of 235 to 293 months. The government calculates that due to Knox's status as a career offender, his reduction would be by one level, to Level 37, pursuant to § 4B1.1. This yields an advisory Guideline range of 262 to 327 months. Knox further calculates that applying the same reduction granted to his original C agreement results in two-thirds of 250 months (what "a routine third off motion would be") minus 15 months ("just about a year less"), which yields a revised sentence of 142 months. Because the Court denies Knox's motion, the Court need not reach the potential recalculation.

## STANDARD

A District Court has the authority to reduce a previously-imposed term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). In contrast, a binding 11(c)(1)(C), which "binds the court once the court accepts the plea agreement," may stipulate that "a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply[.]" Fed. R. Crim. P. 11(c)(1)(C).

---

[1] In the meantime, Judge David H. Coar retired from the District Court for the Northern District of Illinois, and this case was reassigned to this Court.

3

## DISCUSSION

This case is one of first impression for the district courts in the Northern District of Illinois since the publication of *Freeman*, though the Northern District of Indiana recently provided persuasive analysis. *See United States v. Terry*, No. 1:10-CR-32-TLS, 2012 WL 688839 (N.D. Ind. March 1, 2012). In *Freeman*, the Supreme Court held that a defendant sentenced pursuant to a plea agreement is entitled to seek a reduction of his sentence under 18 U.S.C. § 3582(c)(2) when the sentencing range to which the parties agreed in the plea agreement is subject to a retroactive amendment of the Guidelines. *Freeman*, 131 S. Ct. at 2688-2689. The Court's opinion was splintered as to the rationale underlying its decision. According to the plurality, § 3582 proceedings "should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement." *Id.* at 2693. The dissenting opinion determined that a district court can never grant § 3582(c)(2) relief to such a defendant because his sentence is not based on a sentencing range, but rather on his plea agreement. *Id.* at 2703 (Roberts, C.J., dissenting) ("The reality is that whenever the parties choose a fixed term, there is no way of knowing what that sentence was 'based on.'"). Justice Sotomayor's concurring opinion is based on the "narrowest grounds" of the plurality opinion, which establishes the holding. *See Marks v. United States*, 430 U.S. 188 (1977) (holding that when five Justices do not agree on the same rationale explaining a Supreme Court decision, the holding is the position taken by those who concurred on the narrowest grounds); *see also Annex Books, Inc. v. City of Indianapolis*, 581 F.3d 460, 465 (7th Cir. 2009) ("Because the other Justices divided 4 to 4, and Justice Kennedy was in the middle, his views establish the holding."). Three circuits that have reviewed *Freeman* have likewise concluded

4

that the concurring opinion by Justice Sotomayor is the controlling portion of the opinion. *See United States v. Rivera-Martinez*, 665 F.3d 344, 348 (1st Cir. 2011); *United States v. Smith*, 658 F.3d 608, 611 (6th Cir. 2011); *United States v. Brown*, 653 F.3d 337, 340 n.1 (4th Cir. 2011).

A sentence imposed pursuant to a binding 11(c)(1)(C) is based on the sentencing term to which the parties agreed and consequently § 3582(c)(2) relief is usually not available. *Freeman*, 131 S. Ct. at 2701 (Sotomayor, J., concurring). It is irrelevant that a judge may consult the Sentencing Guidelines when deciding whether to accept that plea agreement. "[P]lea bargaining necessarily occurs in the shadow of the sentencing scheme to which the defendant would otherwise be subject. The term of imprisonment imposed by the district court, however, is not 'based on' those background negotiations; instead . . . it is based on the binding agreement produced by those negotiations." *Id.* at 2697 (Sotomayor, J., concurring) (internal citations omitted). However, there is an exception when the binding 11(c)(1)(C) "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission," consequently "the term of imprisonment is "based on" the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2)." *Id.* at 2692 (Sotomayor, J., concurring). The dissent found Justice Sotomayor's approach to be a "head-scratching distinction between negotiating by reference to the Guidelines and using them as a basis for the specific term [that] makes for an unworkable test that can yield only arbitrary results." *Id.* at 2702 (Roberts, C.J., dissenting).

Applying the controlling *Freeman* test to the present case, this Court lacks the authority to grant Knox his requested sentence reduction. Knox's binding 11(c)(1)(C) contains no explicit or clear agreement that the sentence was in any way tied to the Sentencing Guidelines; rather, the

5

parties simply agreed that Knox's sentence should be a term of 15 years. (Doc. 538, Ex. A). This is in contrast to the relevant binding 11(c)(1)(C) in *Freeman*, which explicitly calculated the applicable Guideline range and stated that "[Freeman] agrees to have his sentence determined pursuant to the Sentencing Guidelines." *Id.* at 2699. There, the Court found that the existence of this explicit language in a binding 11(c)(1)(C) is dispositive to a district court's determination of whether the agreement was "based on" a Guidelines sentencing range. *Id.* at 2692 (Sotomayor, J., concurring).

Knox points to comments that the prosecutor made during his sentencing hearing that the agreed sentence was "just about a year less than what a routine third-off motion would be" as evidence that his plea agreement was tied to the Guidelines. However the full transcript reveals that the government's statements were made to highlight the dissimilarity, rather than the similarity, with the Guidelines:

> [Government]: Your Honor, this particular 5(k)1.1 motion is unlike the other ones where we're not asking for a specific percentage off the low end of the guidelines.
> The Court: All right.
> [Government]: We're asking for a specific term of being 15 years in the Bureau of Prisons. The government believes that that's a reasonable sentence. [...] [H]e has been convicted of some very very serious crimes in his past. But based upon the defendant's culpability in this particular conspiracy, as well as his cooperation in the investigation, the government believes that the 15-year sentence, which is just about a year less than what a routine third off motion would be, so it's not that far off what a typical motion you would see for the defendant's cooperation, we believe that it's reasonable[] in this particular case. We're asking you to sentence him to 15 years in the Bureau of Prisons.
> The Court; All right. Mr. Knox.
> Defendant Knox: I ain't got nothing to say.
> The Court: Okay. All right. I'm going to grant the 5(k)1.1 motion.

(Doc. 528, Ex. B. p. 506). The full transcript of Knox's sentencing hearing demonstrates that the parties failed to "explicitly employ[]" the Guidelines sentencing range to anchor his agreed sentence of fifteen years of imprisonment. *See Freeman*, 131 S. Ct. at 2698; *see also Terry*, 2012 WL 688839 at *2 (denying a reduction in sentence because the binding plea agreement did not explicitly employ a particular Guidelines sentencing range as required by *Freeman*). Here, the prosecutor's comments directly contradict Knox's position. The direct statement to the Court is that the agreement is not a reduction based on a percentage off of a guideline range; but rather, an agreement to a specific sentence not limited to any guideline range. The reference to the one-third off was merely provided for the Court to justify the reasonableness of the agreement in order for the judge to determine whether or not to accept it.

Furthermore, the *Freeman* Court cited several appellate courts' cases "consistent with" this approach, including *United States v. Ray*, in which the Seventh Circuit made clear that the parties' agreement to a sentence imposed by a plea bargain rests firmly on the principles of contract law. *Ray*, 598 F.3d at 410-41 (listing Seventh Circuit caselaw). The Seventh Circuit reasoned that since "plea agreements under Fed. R. Crim. P. 11(c)(1)(C) are creatures of contract, there is no reason why such agreements could not provide for the modifiability of the Guidelines." *Id.* at 411. Without such a provision in the binding 11(c)(1)(C), and without evidence of clear intent that a defendant's sentence should be adjusted in tandem with any future adjustment in the Guidelines, a district court cannot conclude that the sentence was "based on" the Guidelines. *Id.* at n.1 (comparing cases in which a defendant can and did bargain for his sentence to move in tandem with any future favorable amendment to the Guidelines); *see also United States v. Franklin*, 600 F.3d 893 (7th Cir. 2010) (declining to reduce a sentence under § 3582(c)(2) where the plea agreement did not reflect an intent

to tie the binding term of imprisonment to the Guidelines). Because Knox's binding 11(c)(1)(C), as well as the transcript from his sentencing hearing, evidence no clear intent that his sentence should be adjusted in tandem with the 2007 amendments to the Sentencing Guidelines for crack offenses, the plea agreement itself "is the foundation for the term of imprisonment" imposed. *Freeman*, 131 S. Ct. at 2690 (Sotomayor, J., concurring). Such a foundation binds the Court.

## CONCLUSION

For the reasons stated above, the Court lacks authority under § 3582(c)(2) to grant Knox's motion for a reduction of his sentence and consequently his motion is denied.

Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: March 20, 2012